UNITE STATES DISTRICT COURT MIDDLE DISTRICT
AT Nashville Tennessee

Edward A. Johnson
     Petitioner

-V.

Warden Brett Cobble
     Respondent

Civil section NO.

RECEIVED

AUG 0 4 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## Habeas Corpus Petition

May It Please the Court

    The Petitioner Edward Johnson would respectfully show unto the Court the following:

1. That petitioners full name and address is Edward A Johnson 1045 Horsehead Road Pikeville, Tennessee 37367.

2 That he is actually imprisoned and restrained of his liberty, and Detained by the power of The state of Tennessee in the custody of Brett Cobble warden at the Bledsoe County Correctional Complex 1045 Horsehead Road Pikeville, TN

3. The jurisdiction of This Court is invoked pursuant to the provisions of 28. U.S.C. 2254 This being action brought to redress the deprivation under color of Law the rights secured by the Constitution of the United States of America by the Law of The state of illinois and Tennessee

4. A) That Petitioner was indicted for Burglary other than a habitat and sentenced to 6 years In the criminal Court of Shelby County Tennessee. sentence begin (SEO) of March 18, 2006 with full expiration of 3-18-2012 Case #0702768 (see exhibit)

5. Petitioners sentence has been expired more than 19 years

6. Petitioner is not on parole and has not been a fugitive from Justice

7. Petitioner was paroled from the west Tennessee state Prison on August 14th 2009 via interstate compact to illinois.

8. ON August 14 2009 Petitioner entered a binding contract agreement with Tennessee board of Paroles for an out of state parole to illinois under parole certificate #129891 (Attached)

9. In pertinent part the terms of the agreement states that stain "parole shall expire upon sentence expiration Date."

10. That the terms of said agreement are governed by the interstate commission for adult supervision And the rules or illinois LAW further stating "I EDWARD Johnson Applying for Transfer of my parole supervision From Tennessee to illinois (see attachment)

11. The supervision under illinois Department of correction's of Plaint FF WAS successfully completed and plantiff was Discharged pursuant to 730 ILCS 513-1-2 (g) Discharged means final termination of IDOC supervision.

12. Then pursuant to 740 ILCS 5/5-5-5 Plantiff was restored Full restoration of his rights by the Governor of illinois

13. Petitioners Discharge was executed by James Montgomery Executive Director of The illinois prisoner review board the agreed supervising authority. (see attachments)

14. The Pretense for the arrest of petitioner was an allegation that Plantiff is a fugitive from Justice A parole violator in the above described case

15) The Alleged warrant used to arrest petitioner is a product of fraud an invalid document Allegedly issued in 2010 And can not legally exist for the following reasons:

    A.) The supervising authority has Discharged Plantiff

    B.) Illinois has restored Plantiff rights fully.

    c) A parole violation would have to be processed through the illinois prisoner review board on the report of The Agent having supervision, for a determination of probable cause Then a request for retaken to Tennessee

    D. Tennessee would Then have probable cause to issue a A warrant for the return of parolee To a Tennessee prison. Due process.

    E.) Petitioner could not be discharge if his whereabouts were unknown or A fugitive from Justice

16. The petitioner is unlawfully restrained and imprisoned Denied liberty by warden Brett Cobble.

Case 3:25-cv-00879    Document 1    Filed 08/04/25    Page 3 of 12 PageID #: 3

3

## Constitutional Grounds

17. The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated And no warrants shall issue but upon probable cause, supported by oath or affirmation

18) No person shall be held to answer for a capital or otherwise in famous crime unless on a presentment or indictment of a grand Jury. Nor shall any person be subject for the same offense to be twice put in jeopardy of life, limb, nor be deprived of life, liberty or property, without due process of LAW

19) Petitioner is a full citizen of illinois his constitutional Right were violated and petitioner denied equal protection of the law. under the Fourteenth Amendment

20. Petitioner was taken into custody April 11th 2025 for a second time on the orders of Tennessee Department of Corrections And is presently being held at the Bledso County Correctional Complex

21) Petitioner was transported from the Cook County Department of Corrections Chicago Illinois with out Legal authority alleging a warrant an invalid document that did not exist until April 10 2025.

22. Petitioner is not detain by any lawful process or Judgment

4

23. Petitioner filed his First Writ of Habeas corpus in the criminal court of Bledso canty, his second in Shelby County Those courts fail to respond to the petitions and no court date is ever set.

24) That this is the First Writ application For Habeas corpus in the Federal Court on the Grounds stated below,

Grounds

1.) The petitioners sentence has expired

2.) That petitioner was discharged by his supervising authority

3) That Petitioner received restoration of his Full Rights by the governor of illinois

4) That the arrest and imprisonment of plaintiff, the seizing of plaintiff the denial of Due process the use of an invalid warrant the breach of Plantiffs parolee agreement and right to confrontation has violated Plantiffs rights under the United States constitution

5) That the conditions precedent for Tennessee to implement A valid Revocation of This parole were not complied with and is a matter of Record

6) That the arrest of a citizen with out probable cause is unreasonable

7) That Tennessee had no Jurisdition over the Plaintiff or to enter illinois and take plaintiff

5

8 That the terms of the parole agreement were clear and unambiguous

9. That the Judgment of The Shelby County Criminal court on this matter has been satisfied

10) Nothing in Tennessee law Allows the Tennessee Department of correction to suspend the expiration of Any sentence simply by Alleging a warrant was issued, unransfed by Record, in opposition to supervising Authority order of Discharge

11) Petitioner has been a free citizen for 13 years

12) Tennessee would be without Probable cause to issue a warrant ex parte illinois documenting probable cause pursuant to a preliminary hearing on the report of illinois supervising Parole Agent.

13) The Arrest warrant is not supported by an illinois administrative determination of Probable cause

14) As a matter of records nothing supports respondent allegation that some ex-director of Tennessee Board of Paroles issued a warrant in 2010

15) There is no record of A parole report sign in 2010 by the parole officer having charge of plantiff.

6

After a diligent search of all Petitioners state police criminal history, Illinois and Tennessee criminal history all NCIC and Leads systems, Cook county and Shelby county and Illinois department of Corrections records theres is no evidence a warrant was issued or notices made to any jurisdictional authority.

17. In light of illinois action the likelyhood of a fraudulent deprivation of petitioners constitutional right to liberty exist.

18) The fact that plaintiffs discharge and restoration of rights by those authorized to supervise petitioner and the lapse of over 11 years since expiration of sentence is Dispositive

19) Tennessee breached its release agreement if it does not give full effect to the laws of illinois and the constitution of the United State and Plaintiffs Rights as authored

Petitioners offer of proof

A) Petitioners sentencing Mittimus

B) TOMIS offender Attributes

C) Illinois and Tennessee State police History files

D) Sheriffs office no record

E) Illinois prisoner Review board order of Discharge

F) Illinois prisoner Review board no responsive Records supporting a probable cause Finding

7

G). No record of a report submitted by Illinois Department of Correction parole officer having supervision of Petitioner in 2010 for a probable cause determination on a parole violation

H) Parole certificate #129891 binding agreement for supervision, said parole shall expire upon sentence expiration date

I) Application and binding agreement on Interstate commission for adult supervision

J) Absence any information in Tennessee or Illinois Department of correction supporting Tennessee action

K) No due process provided Matter of Record.

L) IL St CH 45 1701S interstate compact

M) 730 ILCS 5/3-3-8(c) 5/3-22- 5/3-3-11.Y

§5) Petitioner will show and prove on offer

A) That his address has never changed

B) That his whereabouts could not have been unknown to his supervising authority

C) That Illinois would not have discharged or restored the rights of a fugitive from Justice

D) That he has always been under the supervision of his agreed parole Authority until Discharge

E) That discharge of Petitioner was final

F) Record can not support a valid tolling of probated parole term 730 ILCS 5/3-1-Z (9)

8

G) Record can not support probable cause for issuance of a warrant ex parte illinois determination

H) Tennessee's violation are alleged to be on Technical issues never addressed in illinois

I) Introduction of an alleged warrant or violation report in Tennessee is Arbitrary and capricious government action official misconduct depriving petitioner of constitutional liberty

J) That a report alleged to be an illinois parole officers report in processed through The illinois prisoner review board is is fraudulent can not support probable cause for a Tennessee revocation.

K) That the alleged warrant is not a warrant of Jim Priviance Director of The Tennessee Board of paroles or any Prior Director of The Tennessee Board of Paroles

L) That this is a warrant of Jimmie Gregory Tennessee Department of community services founded upon fraudulent information and introduced absent Due process of LAW.

M) That at time of arrest Petitioner was not a prisoner or constructive prisoner of The state of Tennessee

N) That the arrest and imprisonment of Petition is in plain contravention of The LAW

Relief Requested

Wherefore Petitioner prays as follows:

A) That this petition/writ be served on the respondent and the District Attorney of Bledsoe county answer said writ 28. U.S.C. 2254 ( TCA 29-21-112 TCA 29-21-116

Case 3:25-cv-00879    Document 1    Filed 08/04/25    Page 9 of 12 PageID #: 9

9

B. That an order be issued for appointment of counsel for petitioner and an evidentiary hearing where further proof of the allegations can be offered.

C) That petitioner be allowed to proceed in forma pauperis regarding this writ (Attachment)

D) That an ~~Order~~ be issued directing respondents to transport petitioner to all hearings held in this matter (TCA 29-21-117)

e) That after a hearing on the merits is held that an ORDER be issued directing petitioner conviction satisfied and that he be discharged from custody and

f) That this Honorable Court grant any other such further relief deemed just and necessary

Further The Petitioner SAYETH NOT

NOTARY PUBLIC _____
7·22·2025

MY COMMISSION EXPIRES 1·29·2028

Respectfully Submitted
Edward Johnson
BCCX
1045 Horsehead Rd
Pikeville, Tennessee 37367

CHARLES H. BRADEN
STATE OF TENNESSEE
NOTARY PUBLIC
BLEDSOE COUNTY

Edward Johnson 165254

Bledsoe County Correctional Complex
1045 Horschead Rd
Pikeville TN, 37367

RECEIVED

AUG 04 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

United State District Court
Clerk of The Cort
719 Church St Ste 1300
Nashvile TN 37203

Legal mail

THE DEPARTMENT OF CORRECTIONS BCCX HAS NEITHER INSPECTED NOR CENSORED AND IS NOT RESPONSIBLE FOR THE CONTENTS

Received

JUL 2 5 2025

BCCX Mailroom
Outgoing